Collet, J.,
delivered the opinion of the court:
It is contended that this action should have been brought against Joseph Ladd and Thomas Norvell, as well as against Benjamin W. Ladd.
Joint contractors, if living, must all be sued together, or those ■sued may-plead in abatement that another (narfting him) is a joint contractor, and-that he is living; or, if these appear by the declaration, advantage may be taken of them by demurrer. But neither of these facts appear by this declaration. It is averred to be the writing obligatory of Benjamin, that it is sealed with his seal, not that it is the writing obligatory of Joseph Ladd and Thomas Norvell, or either of them, or that it has either of their seals. It is not averred that Benjamin W. Ladd sealed for them, >or that he had authority to do so. The statement in the article .as copied into the declaration, is not an averment of McArthur; it shows that Benjamin W. Ladd represented himself as agent for Norvell and as a partner of Joseph, and no more. As a partner he could not execute a deed which would be binding on Joseph. Wat. Part. 218. If Joseph and Norvell were present when Benjamin made the deed, and authorized him to do so, for them, they are bound; but this is not averred, nor is it probable. Benjamin W. Ladd professed to be authorized to execute the deed for Joseph and Norvell; he should aver and prove it, and that they were one or both living when this action commenced, before McArthur can. *474 be put *out of court on these grounds. If judgment was rendered against McArthur, he would have to pay the costs of this action. If, when he sued the others, he could not prove that Benjamin was, by deed, authorized to execute this deed for them, or that they were present when it was executed and authorized it, or if it appeared that they had since died,.he wouid have the costs of that action also to pay, and again to commence his action against Benjamin W. Ladd. B. W. Ladd is, undoubtedly, liable to McArthur on this contract, if it has been violated by him, and before McArthur can be compelled to recommence his action against him, joining others, it must appear by the admission of McArthur on record, or from proof by B. W. Ladd, that the others-are really parties to the deed, and that they are living. 1 Saund. 291, a. b., n. 1, 2, 3, 4; 13 Johns. 310; Rees v. Abbott, Cowp. 832, This objection, it is very clear, can not be sustained by the court.
It is contended that, the indorsement on the article of agreement is no part of it, but an indejmndent agreement not under seal, and that the first, second, and third counts of the declaration, which set out the indorsement as a part of the article, are therefore bad.
An interlineation or erasure materially varying a deed, made before its execution, or after, with the consent of the parties, does-not make it void, but the instrument as altered, is the deed'of the parties. The interlineation or erasure is presumed to be fair. Speake v. United States, 2 Pet. 249. It is not easy to perceive-why an indorsement, or a note at the foot, or on the margin of a deed, when there was not room to write it distinctly between the-lines in the proper place, should not have the same effect. On policies of insurance, it is common, at the time of making the policy, to indorse memorandums varying in terms; these are taken as a part of the policy. 2 Wheat. Selw. 703; 3 Chit. Pl. The case of the United States v. Tingey, 5 Pet., was an action of debt on a bond with a condition, and a memorandum indorsed varying the condition. The declaration contained two counts. One was on the penal part only of the bond, the other set out the condition with the indorsement. The defendant filed several pleas, to which the plaintiff demurred. The court decided for the defondant on one of his pleas; *no objection oppears to have been taken to the declaration, because of the indorsement. The court, in their opinion, state the nature of the action and the sub *475 stance of each count, and that the condition and indorsement were contained in one, but make no remark to it. The case of Gordon v. Frazier and another, 2 Wash. 130, was debt on a penal bill for the payment of tobacco; there was a memorandum indorsed on the back of the bill, varying its terms, signed by the parties; a judgment was entered on the bill without regarding the indorsement, for which a writ of error was brought, and the judgment for that cause reversed, and the court of error entered judgment, on the bill as varied by the indorsement. The indorsement shows that it was made by the consent of Benjamin and McArthur, it is signed by them; that it was intended by them to form, a part of the article is to be inferred. The warrants to be furnished are to be in addition to the ten thousand acres provided for in the body of the article; to be located on the same terms and conditions. It is a “ memo.it is without date, probably, therefore, done before the final separation of McArthur and B. W.Dadd. Benjamin and McArthur appear to have transacted the whole business. The article is formally signed and dated; the. memorandum is informal, but signed by the same persons. Memorandums on the margins of deeds and indorsements are sometimes not even signed. We are informed that the memoi’andum referred to was not signed. Whether this memorannum forms a part of this article is a question for a jury to determine under the charge of the-court on an issue of non est factum, as it would be if there was an interlineation varying the article as first drawn. 2 Pet. Cond. 249.
If the memorandum is not considered a part of the article or-deed, it is a' simple contract between the same parties (as they now appear), of which the covenants in the article form a part. To recover, on this contract, for anything more than the cash advanced by McArthur, by the technical rules of law, an action of assumpsit must be brought, in which the same evidence given in the. action on the article must be again collected and given, and a-second trial had on the same facts, when justice could not probably be so well administered between the parties as by a tribunal having the *whole case at the same time before it. If this queslion was doubtful the court would decide that the memorandum should be taken as a part of the article. The defendant can take nothing by this contract.
It is again objected that by this article the parties are partners' *476 .and that this action can not therefore be sustained. Clearly, in our ■ opinion, between themselves the parties are partners. The warrants belonged to the Ladds and Norvell, to be surveyed and located for them, and unless they assigned them before location the location must be in their names; to them the patent must issue. McArthur, a surveyor and locator in this district, agreed to do this for them. When it was done he would have no title; a right only (having performed his covenant) to demand of them a • conveyance of one-fifth of the land, and if they refused, a right to file a bill against them for a specific performance, or to bring an action at law. The lands in the Virginia military district have . for the most part been thus located. The owner of a warrant employed one of the deputy surveyors of the district to enter and survey the land on his warrant, for which he agreed to convey to the surveyor a portion of the land located. Now, did every rev- ■ olutionary soldier or officer in the. Virginia line or continental establishment, who made such a contract with one of these deputy . surveyors, become a partner of his, so that if the surveyor did not perform his contract he could not sue him in a court of law; or if the soldier or officer, after he received a title, refused to convey, . or put it out of his power to do so by a sale or by a withdrawal ■ of his entry, could not the surveyor sue him for this breach of • contract in a court of law?
Ladd and McArthur intended to cover by these locations lands which had been sold by the United1 States and made valuable by the improvements of the purchasers, although there was an abun- • dance of good land unappropriated within the reserve to satisfy these warrants. Between Ladd and McArthur this can make no ■ difference. They foresaw lawsuits and a contest with Congress, .and provided that each should bear his proportion of the costs and have his proportion of the recovery. This does not vary the •nature of the contract; their common interest in equity, in the subject in controvery, would have subjected them to this. 3 Kent *Com. 2, 3. When partners covenant to do a particular thing other than to pay the proportion of the profits, an action lies for not doing it; for, as to such covenant, it is not necessary to settle the whole accounts of the partnership to ascertain the ■ damages: as, if a partner covenants to advance stock, or not to withdraw, etc. Gow on Part. 85, 86. Here the defendant covenanted that McArthur should have one-fifth of the land, and he has, *477 by withdrawing the entry or causing it to be withdrawn, put it out of his power to fulfill this part of his contract. He covenanted to pay four-fifths of the costs of the litigation, all the cost of chain-carriers, etc.; this he has not done; so, that whether this is or is not a partnership this action lies.
The fourth count, which describes the contract without embracing the memorandum, is, from the view we take of the contract, bad for this variance. On a general demurrer, if one count only is good the demurrer must be overruled. It is so of breaches assigned; if some are good and others not, on a general demurrer the declaration is good. 1 Saund. 286, n. 9; 1 Chit. Pl. 327, n. Here, in each of the four first counts it is averred that the defendant had assigned the warrants without the consent of McArthur ; that the entries or locations had, in consequence, been withdrawn. This put it out of the power of McArthur to obtain any part of the land, or compensation for it of others. After these averments are admitted by the demurrer, can the defendant say that a useless demand to convey was not made of him, or that the demand was not of the proper person, or that it was not averred that the Ladds and Norvell had the legal title ? He who puts it out' of his power to perform a covenant by that act violates it. The par-^, ties, by the article, agreed “that if from any cause whatever,” the locations should not hold the lands, the Ladds and Norvell should have back their warrants. The title might have failed by McArthur’s making the locations unskillfully, or by the lands not being in the Yirginia military reservation. It is to causes like these that-the parties must have referred. It can not mean that Ladd might, at any time, rightfully destroy the location to get back his warrants. Ladd covenants that McArthur, for locating and surveying these lands, and for being at *one-fifth of the expense attending litigations growing out of the locations, should have one-fifth of the lands obtained by the locations, or of land and money recovered by the litigations. This covenant is an engagement of Ladd to do nothing to defeat McArthur’s claim. The article goes further. Ladd agrees to advance a proportion of the cost of the litigation necessary to obtain the land. “ Judges should be astute in furtherance of right and the means of recovering it. And therefore one is ashamed to see either hitch or hang upon pins or particles, contrary to the true manifest meaning of' *478 •the contract,” said Lord Mansfield, in Rees v. Abbott, referred to above. It is not necessary for the court to go further; the demurrer is general, and the three first counts, in our opinion, are •good. The demurrer must, therefore, be overruled.