**KENDER v. FARKAS, a. k. a. BALOG.**

Common Pleas Court, Montgomery County.

No. 101243.   Decided March 13, 1951.

Walter P. Reese, Dayton, for plaintiff.
Julius Herchig, Dayton, for defendant.

(BEERY, J., of the Shelby County Common Pleas Court sitting by assignment in Montgomery County.)

## OPINION

By BEERY, J.

This cause came on to be heard upon plaintiff's petition praying that a judgment rendered against plaintiff herein on August 8, 1945, be vacated and held for naught, and that the defendant, Eva Farkas, in whose favor said judgment was rendered, be permanently restrained from enforcing the terms of said cognovit note upon which said judgment was taken.

The evidence reflects that on August 8th, 1945, a cognovit judgment in the sum of Two Thousand Eight Hundred Thirty Five Dollars ($2,835.00) was taken by the defendant, Eva Farkas, against plaintiff, Elizabeth Kender. The judgment was taken upon the following note:

"1500.00                                         Dayton, Ohio
                                                  September 10, 1929

One year after date, for value received, Andy and Elizabeth Kender promise to pay to the order of Eva Farkas, FIFTEEN HUNDRED DOLLARS, with interest at the rate of ———— per centum, per annum, after date, payable at the CITY NATIONAL BANK OF DAYTON, OHIO.

And ———— hereby authorize any Attorney at Law to appear in any Court of Record in the State of Ohio, or in any other State in the United States after the above obligation becomes due, and waive the issuing and service of process and confess a judgment against ———— in favor of the holder hereof for the amount then appearing due, together with costs of suit and thereupon to release all errors and waive all right of appeal.

                                    /s/ Andy Kender
                                    /s/ Elizabeth  Kender

No. ————

     Address: R. R. 4, Dayton, Ohio

     No endorsements."

Counsel for plaintiff, Elizabeth Kender, contends that the power of attorney involved in the above note did not, in express language, authorize a confession of judgment against anyone, and further, that since the note stipulated no rate of interest, said judgment was excessive because judgment taken was for Fifteen Hundred Dollars ($1500.00) plus six

per cent interest or a total of Two Thousand Eight Hundred and Thirty Five Dollars ($2835.00).

With respect to counsel for plaintiff's contention that judgment was taken in an amount in excess of that authorized to be taken, this question can easily be disposed of under the provisions of §8305 GC, which provides as follows:

"Rate when no stipulation, and in other cases. In cases other than those provided for in the next two preceding sections, when money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, or settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of a contract, or other transaction, the creditor shall be entitled to interest at the rate of six per ccent per annum, and no more."

In the instant case, it is to be noted that the note was due on September 10th, 1930, and interest at the rate of six per cent (6%) was computed from September 10, 1930, the date on which the note became due.

Under §8305 GC, supra, the defendant herein was authorized to compute interest from the due date of the note at the rate of six per cent (6%). This was done, and therefore, the amount of the judgment was not in excess of the amount due plaintiff herein under the terms of the note.

The second issue herein involved concerns the right of the defendant, Eva Farkas, to take a several judgment against the defendant, Elizabeth Kender.

It is clearly settled in Ohio that one joint obligor can insist upon joinder of the other joint obligors when the obligation is joint. If the obligation is joint and several, then this cannot be insisted upon by a joint and several obligor. (See **McArthur v. Ladd, 5 Ohio 514, §11256 GC,** and **Columbia Graphophone Company v. Slawson, 100 Oh St, 473.**)

The most recent case decided by our Supreme Court is that of **Haggard v. Shick, 151 Oh St, 535, 39 O. O. 336.** The facts in the Haggard case and in the instant case are similar except that in the Haggard case there was a transfer by the original payee to Shick, the holder of the said note, whereas, in the instant case, the original payee was the plaintiff taking the judgment.

In the Haggard case there were four makers, one of whom was deceased at the time the judgment was taken by confession, whereas, in the instant case, there were two makers, one of whom was deceased at the time of taking judgment, Andy Kender having passed away on February 13th, 1931.

In the Haggard case, the form of the note was identical with the note in the instant case, and the blanks were not filled in, the same as in the instant case, with the exception that in the Haggard case, the blank specifying the rate of interest was filled in, and the words "I promise to pay" were used in the Haggard case, whereas, in the instant case, the words "Andy and Elizabeth Kender promise to pay" were used.

The court, in the Haggard case, seems to follow the ruling as set forth in **Wallace v. Jewell, 21 Oh St, 163,** and as provided by **§8122 GC, paragraph 7,** which reads as follows:

"When an instrument containing the words 'I promise to pay' is signed by two or more persons, they are deemed to be jointly and severally liable thereon."

The court, in the Haggard case, seems to have distinguished its reasoning therein upon the facts in that case as distinguished from the facts in the case of the **First National Bank of Findlay v. Trout, 58 Oh St, 347.**

The court, in the Haggard case. held that a warrant of attorney to confess judgment must be strictly construed and the authority thereby conferred cannot be exceeded beyond the limits expressed in the instrument.

The court held, in effect, that under the power of attorney attached to the note in both the Trout and Haggard cases, the court may be presumed to have authorized an attorney to confess a judgment against the makers jointly.

Although the authority to confess a joint judgment against the parties who sign such note may be implied under the rule of strict interpretation, that implication will not be extended so as to authorize confession of a several judgment against any of such parties.

It is a general rule in Ohio and other States that when a promissory note is made by several persons and states that "we promise to pay," it is a joint note solely. (See 3 Ruling Case Law, page 1139.)

The facts in the instant case, in this court's opinion, do not as strongly indicate a joint and several obligation as do the facts in the Haggard case. This court can easily assume that if the words "Andy and Elizabeth Kender" were to be substituted by the use of some pronoun, it could more easily assume that the pronoun "We" would be substituted rather than the pronoun "I". If the pronoun "we" were then used, the note would then become joint.

To follow the further reasoning of the Supreme Court as in the Haggard case, whether the words "Andy" and Elizabeth Kender promise to pay" be left in the note or the most logical pronoun "we" be substituted for these words, the language

actually employed in the power suggest "we" and "us" as the only words which could, with propriety, be inserted in the blanks of the warrant to confess judgment.

The Supreme Court, in **Frey v. Cleveland Trust Company, 143 Oh St, 319, 28 O. O. 291,** stated as follows:

"The plaintiff relies upon the decision of this court in the case of **Hoffmaster v. G. M. McKelvey Co., 88 Oh St, 552, 106 N. E., 1061.** However, in that case the particular language of the note in marked contrast provided merely for the confession of a judgment 'against us,' thus making the liability joint rather than joint and several."

The court therefore, is of the opinion that a warrant of attorney in the instant case can not be so construed as to authorize either expressly or by implication, the confession of a several judgment against either Andy or Elizabeth Kender.

This court, therefore, is of the opinion that the judgment should be vacated in Case No. 95700.

Counsel for plaintiff may prepare an entry accordingly.